UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARC LILLY, NOT IN HIS INDIVIDUAL CAPACITY BUT AS THE REPRESENTATIVE FOR THE FORMER SHAREHOLDERS OF VIEOSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHANGE HEALTHCARE SOLUTIONS, LLC (f/k/a ENVOY LLC); CHANGE HEALTHCARE HOLDINGS, INC. (f/k/a EMDEON INC.); CHANGE HEALTHCARE OPERATIONS, LLC (f/k/a EMDEON BUSINESS SERVICES LLC), <br><br> Defendants and Counterclaim Plaintiffs, <br><br> v. <br><br> DAVID GRANT; MARC LILLY, INDIVIDUALLY AND AS THE REPRESENTATIVE FOR THE FORMER SHAREHOLDERS OF VIEOSOFT, INC.; PETER HOOVER; AND JOHN EASTMAN, <br><br> Counterclaim Defendants. | No. 2:15-cv-00742 RSM <br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** <br><br> **NOTE ON MOTION CALENDAR: FEBRUARY 3, 2017** |

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT– 1
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Defendants Change Healthcare Solutions, LLC (f/k/a Envoy LLC), Change Healthcare Holdings, Inc. (f/k/a Emdeon Inc.), and Change Healthcare Operations, LLC (f/k/a Emdeon Business Services LLC) (collectively, "Defendants") respectfully submit this response in opposition to Plaintiff's Motion for Relief from Judgment ("Judgment") that granted Defendants' Motion for Summary Judgment and was entered by the Court on December 20, 2016 (ECF Nos. 99 and 100). For the reasons set forth herein, Defendants respectfully request that the Court not alter or amend the Judgment and keep the case closed.

## I. **INTRODUCTION**

Plaintiff's current motion is simply a sur-reply to the Order Granting Summary Judgment (ECF No. 99, the "Order") in which Plaintiff asks the Court to consider, once again, the grounds for granting Defendants summary judgment. Rules 59 and 60 of the Federal Rules of Civil Procedure, however, are not vehicles for rehashing arguments already made. Rather, post-judgment motions are only appropriate in very limited circumstances, none of which apply here. Even if the Court were to consider Plaintiff's arguments, however, Plaintiff offers no basis to vacate the Judgment.

First, Plaintiff focuses on the empty argument that Defendants have to date not made the Minimum Payment. It is important to note that in his Complaint, Plaintiff made no claim for payment of the Minimum Payment. There is therefore no claim at issue for this Court to reconsider as grounds to alter or amend its Judgment. Even if Plaintiff had made such a claim, however, Defendants have never objected to making the Minimum Payment under the terms of the Stock Purchase Agreement (the "SPA"). Rather, Plaintiff chose to pursue

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT– 2
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

litigation in lieu of accepting the Minimum Payment. Defendants will still honor the Minimum Payment however once this litigation has been concluded and Defendants' right to termination is judicially resolved. Until that time, Plaintiff's claim for non-payment is not ripe.

Second, Plaintiff's attempt to reargue his frustration and implied covenant arguments must fail given that he raised these same arguments in his opposition brief to Defendants' motion for summary judgment. Plaintiff makes no showing that any law or facts have changed to establish that the Judgment was made in clear error or was manifestly unjust. Accordingly, Plaintiff offers the Court no grounds to warrant altering or amending the Judgment, and the case should remain closed.

## II. LEGAL ARGUMENT

Plaintiff seeks to vacate the Court's Judgment under Rule 59(e) on the basis of clear error of law or fact or to prevent manifest injustice and/or under 60(b) on the basis of mistake by the Court. (Motion at 4). However, a motion to vacate a judgment under Rule 59(e) or Rule 60(b) is only granted in highly unusual or extraordinary circumstances. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) ("amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly'") (citation omitted); *see also Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)) ("Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.")); *Case v. Miller-Stout*, 2015 WL 1538087, at *5-6 (W.D. Wash. Apr. 3,

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT– 3
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

2015) (holding that Rule 59(e) was inapplicable where Plaintiff failed to show clear error or unusual circumstances sufficient to amend judgment).

Moreover, it is well-established that a Rule 59(e) motion may ***not*** be used to "raise arguments or present evidence that could have been raised prior to the entry of judgment." *Rygg v. Hulbert*, 2014 WL 171936, at *2 (W.D. Wash. Jan. 15, 2014) (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)); *see also Houston General Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 2013 WL 4809274, at *3 (W.D. Wash. Sept. 9, 2013) ("a Rule 59(e) motion is not the time to raise new legal arguments that could have been raised before") (citing *Allstate Ins. Co.*, 634 F.3d at 1111). Thus, reconsideration is "properly denied when a litigant 'present[s] no arguments in his motion for [reconsideration] that had not already been raised in opposition to summary judgment.'" *Genschorck v. Suttel & Hammer, P.S.*, 2014 WL 186766, at *1 (E.D. Wash. Jan. 16, 2014) (quoting *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (alteration in original)). Here, Plaintiff's motion simply asks the Court to reconsider arguments raised in his opposition to summary judgment. For this reason alone Plaintiff's motion should be denied.

**A. Even if the Court Were to Consider Plaintiff's Arguments, No Breach of the Minimum Payment Clause Has Been Pled, and Plaintiff Has No Grounds to Ask the Court to Vacate Its Judgment.**

The allegations in Plaintiff's Complaint regarding alleged breaches of contract make ***zero*** reference to the failure to pay the Minimum Payment. (Compl. at ¶¶ 73-78). In fact, Plaintiff's entire Complaint only references the Minimum Payment twice, and in both circumstances, Plaintiff merely acknowledges Defendants' intent to make the Minimum

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT– 4
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Payment. (Compl. ¶¶ 5, 65). In his brief opposing Defendants' motion for summary judgment, Plaintiff did insert that his alleged breaches included Defendants' failure to make the Minimum Payment. (ECF No. 85, Opp'n at 2, 17). Plaintiff's attempt to include this claim in his summary judgment opposition, however, does not change the fact that Plaintiff's Complaint is void of any such claim.

Without a claim for non-payment of the Minimum Payment, Plaintiff has no grounds to ask the Court to reconsider the Judgment, as courts limit their consideration to only issues that have been expressly pled. *Genshorck*, 2014 WL 186766, at *4 (denying plaintiff's motion to reconsider under Rules 59(e) and 60(b), in part, because the court refused to consider an argument not raised in the complaint but instead mentioned only as an aside in Plaintiff's motion for summary judgment); *see also Franco v. United States Forest Service*, 2016 WL 1267639, at *1 (E.D. Cal. Mar. 31, 2016) (refusing to consider new claim raised in ruling on summary judgment motion because "[w]hen a claim is first raised in the moving papers opposing summary judgment, it should in fact not be considered") (citations omitted). As a result, Plaintiff has no legal grounds upon which to ask the Court to alter or amend the Judgment for a claim he failed to plead in his Complaint.

Nevertheless, even if Plaintiff had pled non-payment of the Minimum Payment in his Complaint, such a non-payment claim is not ripe for judicial determination. As the Court recognized in the Order, "[t]o date, that payment has not been made because Plaintiffs pursued this litigation." (ECF No. 99, Order at 6 n.4). When notice of termination was given, Defendants gave notice of their intent to pay the Minimum Payment in accordance

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT– 5
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

with the terms of the SPA. (*Id.* (citing ECF Nos. 80-14, 86-12)). In lieu of accepting the Minimum Payment, Plaintiff chose instead to file this lawsuit contesting Defendants' termination, the very clause in the contract that triggered Defendants' obligation to make the Minimum Payment. (Compl. at ¶ 76(h)). As a result, Defendants then had the contractual right not to make any payments pending resolution of their affirmative defenses and counterclaim to affirm their right of termination. (*See* ECF No. 47, Answer at Affirmative Defenses, Counterclaim at ¶¶ 47, 49, 52-62; *see also* ECF No. 1, at Ex. A, SPA at § 8.8 (allowing Defendants to "hold back" any amounts "otherwise payable hereunder" until the "final determination" of any unresolved claim)).

The Judgment has now closed this case. (ECF No. 100). In order to bring this matter to a conclusion, Defendants have chosen not to file a motion asking the Court to reopen the case to permit Defendants to pursue their Counterclaim. Defendants therefore stand ready to make the Minimum Payment upon the final determination of this dispute. (Order at 6 n.4; ECF Nos. 80-14, 86-12).[1]

In the end, Plaintiff cannot file a lawsuit contesting Defendants' ability to terminate the SPA, the very clause that triggers the Minimum Payment provision, and expect to receive

---

[1] After the Judgment was entered, Plaintiff alerted Defendants of his intent, once again, to use the judicial system to contest the termination clause by filing a Rule 59/60 motion and not accept summary judgment. (ECF No. 102-1, Ex. 1 of Daucher Declaration). In response, Defendants once again said they intend to honor the Minimum Payment at the proper time. (*Id.*) In his motion, Plaintiff now indicates he will also appeal the Judgment. Once the termination is upheld after any appeal period expires, Defendants' obligation to make the Minimum Payment will finally be triggered under Section 6.2 of the SPA. Defendants are not "starving out" Plaintiff as he suggests. Plaintiff chose to file this lawsuit and contest termination. Moreover, even if Defendants had allowed the SPA to continue, Plaintiff would not have received any additional consideration given the extremely poor performance of the product in question. As Defendants previously stated, they have netted $37,473 in revenues on this product on an investment of over $17 million.

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT– 6
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

these funds while he waits to conclude the litigation on whether termination was proper. Thus, no grounds exist to vacate the Judgment for this unpled claim that is not ripe for judicial determination.

**B. Plaintiff is Also Not Entitled to a Sur-Reply of the Summary Judgment Order to Reargue His Implied Covenant and Frustration Arguments.**

Plaintiff also asks the Court to reconsider his implied covenant and frustration arguments, which, again, merely repeat his opposition to summary judgment and the evidence in existence at the time the motion for summary judgment was filed. Accordingly, reconsideration of the summary judgment issues would be improper. *Genschorck*, 2014 WL 186766, at *1. Furthermore, Plaintiff's arguments continue to lack merit for the following reasons.

   *i. Plaintiff Cannot Avoid the Unambiguous Contract to Imply Terms He Was Unable to Obtain at the Bargaining Table.*

Plaintiff's motion assumes the premise that the SPA is ambiguous and continues Plaintiff's plea for the Court to imply contractual terms and ignore or minimize the express language of the SPA. In granting summary judgment, however, this Court specifically found and correctly ruled that the SPA was unambiguous. (Order at 13) ("To the extent that Plaintiff argues ambiguity in the contract, this Court finds none.").[2] Wrongfully assuming ambiguity, Plaintiff contends that the Court erred by relying upon the negotiation history without "(a) crediting Plaintiff's evidence of the parties' mutual understanding and intent; (b)

---

[2] Plaintiff inaccurately points the Court to the motion to dismiss order to suggest a prior finding of ambiguity. (Motion at 6). This is wrong. In that order, the Court simply asked for a more developed factual record before deciding whether to imply contract terms. (ECF No. 40 at 7-8) (citing *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010)). The Court now has the benefit of that record.

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT– 7
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

construing the contract against the drafter;[3] or (c) reading the contract in a manner that gives meaning to the entire contract." (Motion at 2). Plaintiff's arguments lack merit.

As the Court stated in its Order, "[w]hen interpreting a contract, Delaware Courts 'will give priority to the parties' intentions **as reflected in the four corners of the agreement**,' construing the agreement as a whole and giving effect to all its provisions." (Order at 12 (quoting *GMG Capital Inv., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 779 (Del. 2012) (emphasis added)). "'Under standard rules of contract interpretation, a court must determine the intent of the parties from **the language of the contract**.'" (*Id.* (quoting *Twin City Fire Ins. Co. v. Del. Racing Ass'n*, 840 A.2d 624, 628 (Del. 2003) (emphasis added)). The Court correctly held the SPA's language was "not susceptible of any alternative meaning." (*Id.* at 13). Thus, it is clear the Court relied primarily and correctly on the fact the SPA was unambiguous, and not on any other evidence of intent. (*Id.*)

"Delaware law requires that the contract's express terms be honored, and prevents a party who has after-the-fact regrets from using the implied covenant of good faith and fair dealing to obtain in court what it could not get at the bargaining table." *Nationwide Emerging*

---

[3] Plaintiff made this same argument in his opposition brief. (Motion at 2, 7; Opp'n at 18). As before, contracts are not construed against the drafter when Plaintiff "negotiated significant changes to it and had counsel available to review the agreement for them." *Union Fire Ins. Co. of Pittsburgh, P.A. v. Pan Am. Energy LLC*, 2003 WL 1432419, at *4 n.28 (Del. Ch. Mar. 19, 2003) (internal quotations, alterations and citation omitted). Moreover, "when two sophisticated parties bargain at arm's length and enter into a contract, the presumption is even stronger that the contract's language should guide the Court's interpretation." *JFE Steel Corp. v. ICI Americas, Inc.*, 797 F. Supp. 2d 452, 469 (D. Del. 2011) (citation omitted). "[C]ourts will not alter the terms of a bargain sophisticated parties entered into willingly because a party now regrets the deal." *All. Data Sys. Corp. v. Blackstone Capital Partners V L.P.*, 963 A.2d 746, 770 (Del. Ch.), *aff'd*, 976 A.2d 170 (Del. 2009) (citation omitted). It is clear that the Shareholders were sophisticated and represented by competent counsel. (Compl. at ¶¶ 22-26; *see also* ECF No. 80-5 at 8:19-25). Thus, Plaintiff's argument lacks merit and offers no grounds for reconsideration of the Judgment.

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT– 8
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*Managers, LLC v. NorthPointe Holdings, LLC*, 112 A.3d 878, 881 (Del. 2015) (internal citation omitted). Plaintiff, therefore, relies upon inapposite cases, *United States v. Sacramento Mun. Util. Dist.*, 652 F.2d 1341, 1344-47 (9th Cir. 1981), *SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1215-18 (10th Cir. 2009) (applying law of California), and *B. F. Goodrich Co. v. A.T.I. Caribe, Inc.*, 366 F. Supp. 464, 469-70 (D. Del. 1973) (applying law of Puerto Rico), where courts determined the contracts were ambiguous and susceptible to different interpretations. Importantly, however "***[a] contract is not rendered ambiguous simply because the parties do not agree upon its proper construction***. ***Rather, an ambiguity exists '[w]hen the provisions in controversy are fairly susceptible of different interpretations or may have two or more different meanings.*'**" *GMG Capital Investments, LLC*, 36 A.3d at 780 (internal citations omitted) (emphasis added). The Delaware Supreme Court, in situations like here, "has long upheld awards of summary judgment in contract disputes where the language at issue is clear and unambiguous." *Id.* at 783 (citing, among others, *W. Nat. Gas Co. v. Cities Serv. Gas Co.*, 223 A.2d 379, 383-84 (Del. 1966) ("Having found what we consider to be the only reasonable meaning of [the agreement], any other evidence of attendant facts and circumstances becomes unnecessary and therefore inadmissible.")).

The Court found that Section 1.6 of the SPA "clearly provided Emdeon with unfettered discretion to run the business and direct the Development Plan in the way it saw fit." (Order at 12). The Court further found that Defendants "expressly reserved the right to operate the business 'without limitation under this Agreement'" and made "'no

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT– 9
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

representations or warranties with respect to the results of operations . . . .'" (*Id.*) Plaintiff now argues that "it goes too far to read [Section 1.6] as conferring authority to administer the Development Plan in Defendants' 'sole and absolute discretion.'" (Motion at 8). Plaintiff admitted in his Complaint, however, that Defendants "reserved for [themselves] **sole control** over the Development Plan." (Compl., ECF Nos. 1 and 16, at ¶ 34) (emphasis added).

After reviewing the entire record, the Court concluded that "***[t]here is no reasonable way to read any obligation by Emdeon to ensure the Shareholders could meet their contractual obligations***." (Order at 12) (emphasis added). The Court specifically explained this "interpretation is consistent with the language of other provisions of the SPA":

> For example, with respect to the Shareholders' obligations to provide the Milestone Objectives, Emdeon reserved the right to determine whether such Objectives had been completed successfully, and if they were ultimately unsuccessful, the right to terminate the Agreement or allow modifications to the timeline for delivery. Dkt. #86, Ex. 11 at § 1.5(c)(ii). Moreover, if Emdeon allowed the Shareholders to continue to work on the Milestone Objectives until completed to their reasonable satisfaction, the Shareholders would not be eligible for their Milestone Payment. *Id.*, § § 1.5(c)(ii)(B) and 1.7(a). ***The contract language as a whole reflects the intent by the parties that Emdeon would be in sole control of the way the business would be run and the way the Development Plan would be administered, without any promises to the Shareholders about the results of such administration.***

(Order at 13 (emphasis added)).

Thus, the Court correctly found that the SPA was unambiguous. The Court then went on to say that "even if it was, the intent of the parties appears to also be clear." (*Id.*) The Court specifically noted Plaintiff's attempts during negotiations to include language requiring Defendants to perform the tasks in the Development Plan, and to include language prohibiting

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT– 10
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Defendants from taking any action that would prevent the Shareholders from completing the milestones. (*Id.* at 13-14). Contrary to Plaintiff's arguments, the Court did consider the testimony of Defendants' executives. (*Id.* at 5:16-8:14). Nothing in that testimony, however, is inconsistent with a finding that Defendants would have full discretion to run the business and administer the Development Plan as they saw fit.

Plaintiff also continues to rely on inapposite implied covenant cases with evidence of bad faith. (Motion at 9-10).[4] Plaintiff has admitted, however, that he has no proof of any bad faith in connection with any of the "business decisions of which he [now] complains" and is "not aware of any facts that Emdeon's decision not to extend the deadlines for the Milestone Objectives was made in bad faith." (Order at 18). Further, as the Court noted, the implied covenant of good faith and fair dealing is a "'cautious enterprise,' inferring contractual terms to handle developments or contractual gaps that the asserting party pleads neither party anticipated.'" (*Id.* at 17 (quoting *Nemec*, 991 A.2d at 1125)). Also, "'one generally cannot base a claim for breach of the implied covenant on conduct authorized by the agreement.'" (*Id.* at 18 (quoting *Nemec* at 1125-26)). The Court then properly found Defendants did not engage in actions "that were not reasonably anticipated by Plaintiff or contrary to the provisions of the SPA." (*Id.* at 18). Plaintiff therefore cannot point to any clear error of the Court.

---

[4] As explained in Defendants' Reply brief (ECF No. 97 at 8-9), *O'Tool v. Genmar Holdings, Inc.*, 387 F.3d 1188, 1197 (10th Cir. 2004) is inapposite as there was "copious" evidence the defendant had acted with "dishonest purpose or furtive design" and with "ulterior motives." *See also MWI Veterinary Supply Co. v. Wotton*, 2012 WL 2576205 (D. Idaho July 3, 2012) (applying law of Idaho) (finding facts of bad faith to overcome a motion to dismiss); *Chamison v. HealthTrust--Hosp. Co.*, 735 A.2d 912 (Del. Ch. 1999) (finding defendant acted in bad faith).

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT– 11
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

### *ii. Plaintiff's Frustration Re-arguments Fail Once Again.*

Plaintiff also rehashes his frustration argument by relying, once again, on *A.I.C. Ltd. v. Mapco Petroleum*, 711 F. Supp. 1230, 1238-39 (D. Del. 1989). This Court already found, however, that "the very authority upon which Plaintiff relies, undermines his argument" and quoted extensively from the *A.I.C.* opinion to demonstrate the inapplicability of the frustration doctrine in this context. (Order at 14-16). Plaintiff claims the Court erred in its application of *A.I.C.* because in that case, "the agreement expressly gave defendant the right not to enter into certain contracts, the execution of which was a condition precedent to plaintiff's right to receive payment." (Motion at 8). In so doing, Plaintiff contends that "section 1.6 [of the SPA] does not expressly reserve to Defendants the authority to refuse to administer the Development Plan fairly" and, thus, "does not expressly allow [Defendants] to prevent Plaintiff's reasonable opportunity to achieve the earn-out." (*Id*).

As before, however, it remains undisputed that Plaintiff "**acknowledged and agreed**" that Defendants would have the *express* "authority and freedom" to operate the business "<u>without limitation under this Agreement</u>." Despite Plaintiff's repeated attempts to include the phrase "Except as set forth in the Development Plan . . ." at the beginning of this provision, and thereby limit Defendants' freedom to operate the business by what was contained in the Development Plan, Defendants refused to include any such provision or to include any affirmative post-closing obligations. (Order at 18). The Agreement is clear. Accordingly, the Court properly concluded Plaintiff "assumed the risk that Defendants would not run the business in a way that allowed them to fulfill the Milestone Objectives" and "the

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT– 12
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

prevention doctrine has no application in this case." (*Id.* at 16).

Thus, the Court has already specifically addressed Plaintiff's arguments in this Motion and has found them unwarranted to survive summary judgment. In the end, Plaintiff offers no grounds to suggest the Court erred in finding the SPA unambiguous or failed to give meaning to the entire contract, and Plaintiff's motion for relief should be denied.

### III. CONCLUSION

For the foregoing reasons and the reasons stated in the Court's December 20, 2016 Judgment, Defendants respectfully request that the Court deny Plaintiff's motion for relief from Judgment, and this case should remain closed.

DATED this 30th day of January, 2017.

          CORR CRONIN MICHELSON
          BAUMGARDNER FOGG & MOORE LLP

          *s/ Steven W. Fogg*
          Steven W. Fogg, WSBA No. 23528
          David B. Edwards, WSBA No. 44680
          1001 Fourth Avenue, Suite 3900
          Seattle, WA 98154-1051
          Telephone: 206-625-8600
          Facsimile: 206-625-0900
          Email: sfogg@corrcronin.com
                 dedwards@corrcronin.com

          Overton Thompson III (TN # 011163)
          (admitted *pro hac vice*)
          Jamie L. Brown (DE # 5551)
          (admitted *pro hac vice*)
          BASS, BERRY & SIMS PLC
          150 Third Avenue South, Suite 2800
          Nashville, TN 37201
          Telephone: 615-742-7730

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT– 13
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Facsimile: 615-742-2804
Email: OThompson@bassberry.com
JBrown@bassberry.com

Shayne R. Clinton (TN # 026245)
(admitted *pro hac vice*)
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Telephone: (865) 521-6200
Email: sclinton@bassberry.com

*Attorneys for Defendants and Counterclaim Plaintiffs Change Healthcare Solutions, LLC (f/k/a Envoy LLC), Change Healthcare Holdings, Inc. (f/k/a Emdeon Inc.), and Change Healthcare Operations, LLC (f/k/a Emdeon Business Services LLC)*

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT– 14
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

1. I am employed at Corr Cronin Michelson Baumgardner Fogg & Moore LLP, attorneys of record for Defendants and Counterclaim Plaintiffs Change Healthcare Solutions, LLC (f/k/a Envoy LLC), Change Healthcare Holdings, Inc. (f/k/a Emdeon Inc.), and Change Healthcare Operations, LLC (f/k/a Emdeon Business Services LLC).

2. I hereby certify that on January 30, 2017, I filed the foregoing document through the Court's ECF system, which will send notification to the following parties indicated below:

| *Attorney for Plaintiff:* | *Attorneys for Plaintiff:* |
|---|---|
| John E. Casperson, WSBA No. 14292<br>HOLMES WEDDLE & BARCOTT, P.C.<br>999 Third Avenue, Suite 2600<br>Seattle, WA 98104<br>mailto:jcasperson@hwb-law.com<br>　　LDarling@hwb-law.com<br>　　STrotter@hwb-law.com | Brian Daucher, CA Bar #174212<br>Dan Bane, CA Bar #251144<br>Abby H. Meyer, CA Bar #294947<br>SHEPPARD MULLIN<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, CA 92626-1993<br>bdaucher@sheppardmullin.com<br>dbane@sheppardmullin.com<br>ameyer@sheppardmullin.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 30th day of January, 2017 at Seattle, Washington.

　　　　　　　　　　　　　　*s/ Christy A. Nelson*
　　　　　　　　　　　　　　Christy A. Nelson

21247452.1

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT– 15
(Case No. 2:15-cv-00742 RSM)

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900