1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARC LILLY, NOT IN HIS INDIVIDUAL CAPACITY BUT AS THE REPRESENTATIVE FOR THE FORMER SHAREHOLDERS OF VIEOSOFT, INC.,

Plaintiff,

v.

ENVOY, LLC; EMDEON, INC.; EMDEON BUSINESS SERVICES, LLC; TOM GROOM (named as an indispensable party),

Defendants.

Case No. C15-0742RSM

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

## I.  INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's Motion for Relief from Judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. #101. Plaintiff asserts that this Court committed manifest error by failing to address his claim for the minimum payment due under the contract at issue, and by failing to fairly credit the evidence he presented in opposition to summary judgment when construing the contract. *Id.* Defendants oppose the motion, noting that Plaintiff did not make a claim for the minimum payment due in his Complaint, and that Plaintiff merely reasserts the same arguments this Court already rejected with respect to interpreting the contract language. Dkt. #103. For the reasons set forth below, the Court agrees with Defendants and DENIES Plaintiff's motion.

ORDER – 1

## II.   BACKGROUND

The Court has previously set forth the pertinent background facts to this dispute and incorporates them by reference herein. *See* Dkt. #99 at 2-10.

## III.   DISCUSSION

### A. Rule 59(e)

A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). In the instant case, Plaintiff argues that the Court committed clear error by dismissing his breach of contract claim without "resolving the termination fee breach." Dkt. #101 at 6. The Court disagrees.

First, Plaintiff was not the moving party on summary judgment. The Court noted Plaintiff had argued in his opposition brief that Defendants breached the contract in part by failing to pay the guaranteed termination fee; however, Plaintiff did not ask the Court to make any ruling in his favor. *See* Dkt. #85. In fact, he did not cross-move for summary judgment on any of his claims, nor did he file his own motion for summary judgment. He did not even ask the Court to find alternatively that he was due the termination fee if the Court ruled in Defendants' favor on their motion. Instead, he simply asked the Court to deny summary judgment on the breach of contract claim. Dkt. #85 at 25.

Moreover, Plaintiff did not raise such a breach of contract claim based on the failure to pay the termination fee in his Complaint. While Plaintiff lists several alleged breaches of the

ORDER – 2

contract as the basis of his claim, he does not include the failure to pay the guaranteed termination payment. *See* Dkt. #1 at ¶ ¶ 73-77. Indeed, Plaintiff acknowledges that he did not raise the claim in his Complaint because he thought at the time Defendants would pay the termination fee as promised. Dkt. #104 at 2. He also acknowledges that he never amended his Complaint to add such a claim, asserting that he was not required to because Defendants had fair notice of the claim. *Id.*

Plaintiff misconstrues the law regarding fair notice. As this Court has previously stated:

> "summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). Where a plaintiff "fail[s] to assert any factual allegations in its complaint" to support a theory or claim, the plaintiff's "provision of affidavits and declarations supporting [that theory or claim] at the summary judgment stage is ineffectual." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088-89 (9th Cir. 2010). Indeed, courts routinely decline to consider evidence proffered in response to a motion for summary judgment when the evidence is untethered from the factual allegations made in the complaint. *See id.*; *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2012 U.S. Dist. LEXIS 160337, 2012 WL 5411590, at *2 (N.D. Cal. Nov. 6, 2012); *Edinger v. City of Westminster*, No. SA CV 14-0145-DOC (RNB), 2015 U.S. Dist. LEXIS 167801, 2015 WL 8770002, at *7 (C.D. Cal. Dec. 14, 2015) ("Because these allegations [of retaliatory speech] have not been properly pleaded, they are not properly before the Court in response to a motion for summary judgment."); *Corona v. Time Warner Cable, Inc.*, No. CV 13-5521 PSG (VBKx), 2014 U.S. Dist. LEXIS 186736, 2014 WL 11456535, at *4 (C.D. Cal. Oct. 16, 2014) (finding that the plaintiff's complaint did not encompass the theory raised in response to a motion for summary judgment). When a complaint fails to contain factual allegations later raised in opposition to a motion for summary judgment, the defendant may not have fair notice of "'the grounds upon which [the plaintiff's claim] rests." *TFT-LCD Antitrust Litig.*, 2012 U.S. Dist. LEXIS 160337, 2012 WL 5411590, at *2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) and declining to consider breach of a contract other than the purchase orders identified in the complaint in response to a motion for summary judgment because the complaint did not give the defendant fair notice). The rationale for this rule rests primarily on the threat of prejudice from a late change in the plaintiff's theory, but the court need not make a

ORDER – 3

> finding of prejudice to reject a plaintiff's new theory. *See id.* (rejecting argument based on factual allegations not in complaint without making a finding of prejudice); *City of Lake Forest*, 624 F.3d at 1088-89.

*Roufa v. Constatine*, 2017 U.S. Dist. LEXIS 4966, *26-28 (W.D. Wash. Jan. 11, 2017).

Further, Plaintiff relies on an Eastern District of California case, *Franco v. United States Forest Serv.*, that is not helpful to his motion. Dkt. #104 at 2. Notwithstanding that such authority is not binding on this Court, Plaintiff fails to set forth the pertinent discussion in *Franco*, which actually undermines his position:

> When a claim is first raised in the moving papers opposing summary judgment, *it should in fact not be considered. See Demarest v. Ocwen Loan Servicing, LLC*, 481 F. App'x 352, 353 (9th Cir. 2012); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A district court should not consider such claims because "the complaint did not provide fair notice" of them. *Gonzalez v. City of Fed. Way*, 299 F. App'x 708, 710 (9th Cir. 2008). This rule is not a rigid bar against considering claims or arguments raised in opposing summary judgment when *the complaint* does give "fair notice of what the plaintiffs' claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006).

*Franco v. United States Forest Serv.*, 2016 U.S. Dist. LEXIS 44266, *4 (E.D. Cal. Mar. 31, 2016) (emphasis added).

Here, Plaintiff acknowledges that he did not raise in his Complaint a claim for breach of contract on the basis that Defendants had not paid the guaranteed termination fee. Further, he did not cross-move for any determination on such a claim, nor did he seek any alternative remedy if the Court ruled against him. Accordingly, the Court finds that the dismissal of his breach of contract claim without an explicit ruling on the termination fee was not clear error.

ORDER – 4

Plaintiff also argues that the Court's Order and Judgment should be vacated because the Court "relied on improper evidence of intent to read out the implied covenant."[1] Dkt. #101 at 6-10. Plaintiff first complains that the Court found the contract clause was unambiguous, but then analyzed the language as if it was ambiguous. *Id.* However, Plaintiff misreads the Court's analysis. In its Order, the Court set forth Delaware law for contract interpretation and then stated its interpretation of the subject contract language. Dkt. #99 at 12-13. The Court explained why it made such a finding and how that interpretation was supported by other provisions of the contract. *Id.* The Court next addressed Plaintiff's argument that the subject language was ambiguous, and ultimately concluded that the language did not contain the ambiguities alleged by Plaintiff. *Id.* at 13. The Court therefore provided the primary basis for its dismissal of Plaintiff's breach of contract claim. Then, in an effort to more thoroughly respond to Plaintiff's assertions, the Court also explained that even if certain ambiguities existed in the contract, the language was not susceptible to other interpretations. *Id.* at 13-14. This was not a continuation of its primary analysis of the claim, but rather a secondary response to Plaintiff's arguments.

Plaintiff also complains that the Court did not appropriately credit the evidence he presented, and relied on only a portion of the record in reaching its decision. Dkt. #101 at 6-12. Although the Court did not discuss every piece of evidence it reviewed in the record to reach its conclusion, the Court considered the record as a whole, and informed the parties as much. Dkt. #99 at 2 fn. 1.

---

[1] Oddly, Plaintiff does not explicitly identify the "implied covenant" to which he refers; however, the Court assumes he refers to the implied covenant of good faith and fair dealing, which is analyzed in the Court's prior Order, albeit not in the same way Plaintiff has presented in his motion.

ORDER – 5

Finally, to the extent that Plaintiff simply re-raises various arguments already made in opposition to summary judgment, the Court has previously addressed those arguments and will not do so again here. Nothing in Plaintiff's motion causes the Court to reach a different conclusion than it already reached in its previous Order.

For all of these reasons, the Court finds that Plaintiff has failed to demonstrate the Court's dismissal of his action was manifestly unjust. Accordingly, the Court denies Plaintiff's motion under Rule 59(e).

**B. Rule 60(b)**

The Court next turns to Plaintiff's motion under Rule 60(b). Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It appears that Plaintiff asserts mistake or error of law under 60(b)(1) and/or 60(b)(6). *See* Dkt. #101 at 4. In order to obtain relief under Rule 60(b)(1), the movant "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167,

ORDER – 6

1172 (9th Cir. 1989). Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010).

For the same reasons discussed above, the Court finds that Plaintiff fails to either show this Court committed any specific error under 60(b)(1) or otherwise demonstrate a basis to amend or alter the judgment in this matter under Rule 60(b)(6). Accordingly, his motion is denied in its entirety.

## IV. CONCLUSION

Having reviewed Plaintiff's Motion for Relief from Judgment, Plaintiff's Opposition thereto, the Reply in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's motion (Dkt. #101) is DENIED.

DATED this 23rd day of February 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE