HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARC LILLY, NOT IN HIS INDIVIDUAL CAPACITY BUT AS THE REPRESENTATIVE FOR THE FORMER SHAREHOLDERS OF VIEOSOFT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHANGE HEALTHCARE SOLUTIONS, LLC (f/k/a ENVOY, LLC); CHANGE HEALTHCARE HOLDINGS, INC. (f/k/a EMDON, INC.); CHANGE HEALTHCARE OPERATIONS, LLC (f/k/a EMDEON BUSINESS SERVICES, LLC)<br><br>Defendants and<br>Counterclaim Plaintiffs,<br><br>v.<br><br>DAVID GRANT; MARC LILLY, INDIVIDUALLY AND AS THE REPRESENTATIVE FOR THE FORMER SHAREHOLDERS OF VIEOSOFT, INC.; PETER HOOVER; AND JOHN EASTMAN,<br><br>Counterclaim Defendants. | Case No. 2:15-cv-00742 RSM<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT PURSUANT TO FRCP 15(b)(2) AND/OR FRCP 15(d)**<br><br>**NOTE ON MOTION CALENDAR:**<br>**March 24, 2017**<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**
2:15-cv-00742 RSM

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Given this Court's order on February 23, 2017 denying the motion for relief from judgment on the basis that the failure to pay the termination fee was in its view not placed in issue by an express, specific allegation, Plaintiff now seeks leave under Fed. R. Civ. Proc. 15(b) and/or (d) to amend or supplement its complaint (as set forth in proposed form in Exhibit A hereto) to specifically allege this additional breach.[1]

Based upon this request, Plaintiff also asks that the Court reconsider its order denying the motion to set aside the prior summary judgment order and judgment in this case.

## I. INTRODUCTION

Prior to the filing of this suit, Defendants exercised their right to terminate the SPA. As a condition, Defendants were obligated to and promised to pay Plaintiff the termination fee of $4.65 million. In the suit, Plaintiff alleged, in a non-exclusive list, numerous breaches of the SPA. After Plaintiff filed suit, Defendants further breached the SPA by wrongfully withholding the $4.65 million payment. Defendants filed a counterclaim seeking to excuse this payment.

In opposing summary judgment, Plaintiff noted the failure to pay the termination fee in a list of breaches of the SPA. Defendants, well aware of this issue, did not voice any objection. And, the Court did not base its ruling on the status of the pleadings.

For these reasons, Plaintiff moves now to expressly include this allegation, to avoid a lengthy and seemingly wasteful appeal process to resolve this pleading issue.

## II. STATEMENT OF FACTS

On April 29, 2015, Defendants sent Plaintiff a Rejection Notice purporting to terminate the SPA and confirming that, consistent with the obligations under the SPA, Defendants would pay the required termination fee of $4.65 million within 30 days. (Doc. 86-12.)

---

[1] Plaintiff presents this motion without prejudice to its contention that the termination fee was placed in issue by Defendants, and accepted to be in issue in this case by previous acknowledgment of both the Court and Defendants in the briefing and initial ruling on summary judgment.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**
2:15-cv-00742 RSM - 1

HOLMES WEDDLE & BARCOTT, A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

On May 12, 2015, Plaintiff filed the instant Complaint. (Doc. 1.) At the time of filing, Plaintiff expected Defendants would pay the termination fee. (*Id.* at ¶ 5.) But, by letter dated May 29, 2015, Defendants notified Plaintiff that they would not pay the required termination fee. (Doc. 86-12.)

Defendants have been and remain well-aware that Plaintiff considers the non-payment of the termination fee to be one of many breaches of the SPA: Defendants acknowledge in their Counterclaim (filed 10/16/15) that the termination fee is due and owing, but assert that payment is excused by Shareholders' breaches, putting the nonpayment of the termination fee at issue themselves (Doc. 47, ¶ 49 ("breach of the [SPA] that excuses any subsequent obligation of Emdeon to pay Plaintiff the … $4,650,000.00 as would have otherwise been required upon the termination of the [SPA]"; *see also* ¶¶ 58, 62)).

In Defendants' motion for summary judgment, Defendants admitted that because they terminated the SPA, Plaintiff "became entitled to an additional $4.65 Million, despite the shareholders' failure to complete the milestones." (Doc. 79, 22:22-24.) In opposing the motion for summary judgment, Plaintiff expressly identified the nonpayment of the termination fee as a breach of the SPA by Defendants. (Doc. 85, p. 17.) In their reply, Defendants did not object to Plaintiff's inclusion of the termination fee breach. (Doc. 97.)

In the Court's order on summary judgment, the Court also noted that based on Defendants' termination, Plaintiff was guaranteed a $4.75 million termination payment. (Doc. 99, 6:16-18.) The Court further noted that, "To date, that payment has not been made". (*Id*. at p. 6, n. 4.) The Court noted, without criticism, Plaintiff's contention that Defendants' failure to make this payment constitutes a breach of the SPA. (*Id*. at 11:11; Opposition (Doc. 85) 16:16-17:8.) At no time prior to dismissal of this action did Defendants or the Court suggest that the termination fee was not in issue.

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT**
2:15-cv-00742 RSM - 2

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Defendants made an issue out of the termination fee breach for the first time in opposing Plaintiff's motion for relief from judgment. And, in turn, the Court, in its February 23 order, relied for the first time upon this argument in refusing to set aside the judgment.

Despite meet and confer, Defendants would not stipulate to permit Plaintiff to amend the complaint, necessitating this motion.

## III. PLAINTIFF SHOULD BE PERMITTED TO FILE AN AMENDED COMPLAINT

### A. Defendants' Breach for Failure to Pay the Termination Fee Was Tried by Implied Consent and Amending Will Not Prejudice Defendants

If an issue is not expressly raised in the pleadings but is tried by the parties' implied consent, "it must be treated in all respects as if raised in the pleadings." Fed. R. Civ. Proc. 15(b)(2). "A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." *Id.* "Where plaintiffs fail to raise a claim properly in their pleadings, it they raised it in their motion for summary judgment, they should be allowed to incorporate it by amendment under Fed. R. Civ. P. 15(b)." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (internal citations omitted) (finding district court abused its discretion by disallowing the amendment). And, "when issues are raised in opposition to a motion to summary judgment that are outside the scope of the complaint, the district court should have construed the matter raised as a request pursuant to [Fed. R. Civ. P. 15(b)] to amend the pleadings." *Id.* (internal citations omitted).[2]

"An amendment that seeks to conform the pleadings to proof introduced at trial is proper under Rule 15(b) unless it results in prejudice to one of the parties." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 (9th Cir. 1986) (finding opposing party was not prejudiced by post-trial amendment); *accord, Putz v. Golden*, 2012 U.S. Dist. LEXIS 91506 n. 6 (W.D. Wash. July 2,

---

[2] Based on this authority, Plaintiff respectfully requests that the Court reconsider its Order Denying Plaintiff's Motion for Relief From Judgment (Doc. 105), to the extent that denial was based on the fact that Plaintiff opposed summary judgment based on a breach of the SPA that was not alleged in the Complaint.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**
2:15-cv-00742 RSM - 3

HOLMES WEDDLE & BARCOTT, A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

2012) (finding district court may amend the pleadings by entering findings on unpleaded claims). This rule reflects the liberal policy favoring amendments of pleadings at any time. *Galindo*, 793 F.2d at 1512. This rule is consonant with longstanding judicial preference to avoid serial actions.

The record is clear that Defendants understood that their non-payment of the termination fee was an asserted breach of the SPA. Defendants themselves created this issue by failing to make the mandatory payment after this suit was filed. Defendants then further injected this issue into the proceedings by acknowledging the non-payment in their counterclaim and then arguing that this breach should be excused. (Doc. 47, ¶ 49 ("breach of the [SPA] that excuses any subsequent obligation of Emdeon to pay Plaintiff the … $4,650,000.00 as would have otherwise been required upon the termination of the [SPA]".)

When Defendants raised the termination fee breach in their motion for summary judgment, Plaintiff responded by expressly noting that non-payment of the fee amounted to a breach. (Doc. 85, p. 17.) Defendants' reply on summary judgment did not contain any objection to Plaintiff's assertion of this breach, and specifically no objection on the ground that the breach was not pleaded in the Complaint. (Doc. 97.) The order on summary judgment shows that even the Court understood that Defendants' non-payment of the termination fee was part of the case. (Doc. 99.)

Other courts, facing similar facts, have found that the disputed issue was tried by implied consent. *See, e.g., Galindo*, 793 F.2d at 1513 (noting multiple references to the disputed issue, including the court's acknowledgement of the issue in open court and opposing counsel addressed the issue when arguing its motion to dismiss and in closing argument); *Antilles Cement Corp. v. Fortuño*, 670 F.3d 310, 319 (1st Cir. 2012) (finding implied consent where party filed briefs addressing the disputed issue); and *Whitaker v. T.J. Snow Co.*, 151 F.3d 661, 663 (7th Cir. 1998) (finding that because both parties addressed the disputed issue in their summary judgment briefs, the complaint was constructively amended to include that claim).

PLAINTIFF'S MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT
2:15-cv-00742 RSM - 4

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Defendants have never identified any prejudice from this claim of breach. And, given these facts, Defendants cannot plausibly argue that they would be prejudiced by the amendment – again, Defendants anticipated that breach for non-payment of the termination fee would be an issue and tried to get ahead of it by alleging excuse in their counterclaim. *Accord*, *Galindo*, 793 F.2d at 1513 ("appellants were not prejudiced by the post-trial amendment because they clearly understood that the issue […] was before the court.").

Accordingly, Plaintiff should be permitted to file the proposed first amended complaint.

### B. The Non-Payment Breach Occurred After the Complaint Was Filed and Supplementing the Complaint Will Not Prejudice Defendants

A party may move to supplement the pleadings to allege events that occurred after the date of the initial pleading. Fed. R. Civ. Proc. 15(d). Supplemental pleadings are favored because they enable the court to award complete relief in the same action, avoiding the costs and delays of separate suits. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (finding district court did not abuse its discretion in permitting the supplemental complaint). Therefore, absent a clear showing of prejudice to the opposing parties, such amendments are liberally allowed. *Id.* at 475.

The legal standard for granting a motion for leave to supplement under Rule 15(d) is the same as for amending under Rule 15(a). *Lyon v. U.S. Immigration & Customs Enforcement*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (granting leave to file a supplemental complaint). That is, absent a showing of undue delay, bad faith, futility, or prejudice, leave to amend is "freely given". *Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding failure to permit amendment of complaint was an abuse of discretion). Of these factors, "prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (finding district court abused its discretion by not granting leave to amend). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (reversing denial of request for leave to amend).

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**
2:15-cv-00742 RSM - 5

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Defendants' breach of the SPA by failing to pay the termination fee did not occur until after Plaintiff filed the Complaint. (Doc. 86-12.)

Plaintiff has presented the instant motion for leave to supplement immediately upon the Court's finding that there is an issue with the current state of the pleadings (*see* Doc. 105). The amendment would not be futile – the evidence brought forth on summary judgment already supports a valid claim for breach and has been conceded in fact by Defendant. (*E.g.*, Doc. 86-11, § 6.2(a) (SPA requiring payment of termination fee within 30 days) *and* Doc. 86-12 (letter refusal to pay the fee as required).)

Finally, and most importantly, the facts show that Defendants would not be prejudiced by the amendment. *Accord*, *Galindo*, 793 F.2d at 1513 ("appellants were not prejudiced by the post-trial amendment because they clearly understood that the issue […] was before the court.").

For these reasons, Plaintiff should be permitted to supplement the Complaint by filing the proposed first amended complaint.

### C. Plaintiff's Anticipated Filing Of A Notice Of Appeal Does Not Prevent The Court From Ruling On This Motion

Plaintiff is required to, and so absent prior relief will, file a notice of appeal from various orders in this matter not later than March 27, 2017. This due date follows from the following facts:

On December 20, 2016, the Court entered the appealable order granting summary judgment and judgment in a civil case (Doc. 99 and 100). Absent a tolling motion, Plaintiff had 30 days to then file a notice of appeal. Fed. R. App. Proc. 4(a). Within time, Plaintiff filed such a tolling motion, the Motion for Relief from Judgment (Doc. 101). This filing tolled the time to file a notice of appeal until 30 days after entry of an order disposing of that motion. *Id*.

On February 23, 2017, the Court entered its Order Denying Plaintiff's Motion for Relief From Judgment (Doc. 105). Consequently, the 30 day window to file a notice of appeal expires on March 27 – just two days after the noting date for the instant motion. Because the filing of a

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT**
2:15-cv-00742 RSM - 6

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

motion for leave to amend does not further toll or reset the time to file an appeal, and because insufficient time remains to allow this motion to be decided, Plaintiff will file his appeal after filing this motion.

Although the filing of a notice of appeal divests the trial court of jurisdiction on most matters, Fed. R. Civ. Proc. 62.1 expressly anticipates a case like this where a pending motion is followed by a required notice of appeal before decision on the pending motion. Rule 62.1 allows the Court to take certain types of action on this motion as follows:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

This rule "adopts for *any motion* that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." Fed. R. Civ. Proc. 62.1 advisory committee's note (emphasis added). For these reasons, although a notice of appeal will be filed, this Court still will have the ability to at least advise the Court of Appeal of its intended action on this motion.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court allow the filing of the proposed First Amended Complaint, attached as Exhibit A hereto and, as a result, reconsider its prior orders in this matter, including the order on summary judgment, the judgment, and its order on the motion to set aside.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**
2:15-cv-00742 RSM - 7

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

| | |
|---|---|
| 1. | |
| | RESPECTFULLY SUBMITTED this 7th day of March, 2017. |
| 2. | |
| | HOLMES WEDDLE & BARCOTT, P.C. |
| 3. | |
| 4. | |
| | By: /s/Lafcadio Darling |
| 5. | Lafcadio Darling WSBA No. 29963 |
| | John E. Casperson, WSBA No. 14292 |
| 6. | 999 Third Avenue, Suite 2600 |
| | Seattle, WA 98104 |
| 7. | Telephone: 206-292-8008 |
| | Facsimile: 206-340-0289 |
| 8. | Email: ldarling@hwb-law.com |
| | Email: jcasperson@hwb-law.com |
| 9. | |
| | Brian M. Daucher, (CA Bar No. 174212) |
| 10. | Abby H. Meyer (CA Bar No. 294947) |
| | SHEPPARD MULLIN RICHTER & HAMPTON |
| 11. | (Admitted *pro hac vice*) |
| | 650 Town Center Drive, Fourth Floor |
| 12. | Costa Mesa, CA 92626 |
| | Telephone: 714-513-5100 |
| 13. | Facsimile: 714-513-5130 |
| | Email: bdaucher@sheppardmullin.com |
| 14. | ameyer@sheppardmullin.com |
| | *Attorneys for Plaintiff and Counter-Claim Defendants* |
| 15. | |

**PLAINTIFF'S MOTION FOR LEAVE TO**
**FILE A FIRST AMENDED COMPLAINT**
2:15-cv-00742 RSM - 8

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March 2017, I electronically filed the above document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Steven W. Fogg
Corr Cronin Michelson Baumgardner Fogg & Moore. LLP
1001 Fourth Ave, Suite 3900
Seattle, WA 98154-1051
Email: sfogg@corrcronin.com

Bass Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 97201
Email: OThompson@bassberry.com

Shayne R. Clinton, Esq.
1700 Riverview Tower
900 S. Gay St.
Knoxville, TN 37902
sclinton@bassberry.com

_____Starla Trotter_____
Starla Trotter, Legal Assistant

PLAINTIFF'S MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT
2:15-cv-00742 RSM - 9

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289